UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>      Plaintiff,<br>v.<br><br>SAMI GUEDOIR, in his individual and representative capacity as Trustee—Sami & Nadia Guedoir 2005 Trust;<br>NADIA GUEDOIR, in her individual and representative capacity as Trustee—Sami & Nadia Guedoir 2005 Trust;<br>CARTHAGE TRADING, INC., a California Corporation; and Does 1-10,<br><br>      Defendants. | Case No.: 2:14-CV-00930-TLN-AC<br><br>**JOINT STIPULATION AND ORDER REGARDING DISCOVERY** |

**<u>JOINT STIPULATION</u>**

The following terms, phrases, and definitions will be applied in this stipulation and are intended to conform to the usage given in the Americans with Disabilities Act Accessibility Guidelines:

Joint Stipulation and Order -1- Case No.: 2:14-CV-00930-TLN-AC

Case 2:14-cv-00930-TLN-AC   Document 11   Filed 04/17/15   Page 2 of 4

| | |
|---|---|
| **ADAAG**: | Americans with Disabilities Act Accessibility Guidelines found at 28 C.F.R. Part 36. |
| **ACCESSIBLE:** | Complying with the technical requirements of the ADAAG. |
| **SUBJECT PROPERTY:** | Century Furniture located at or about 110 W. Yosemite Ave., Manteca, California. |
| **READILY ACHIEVABLE:** | Shall have the same definition as that found at 42 U.S.C. § 12181(9). |
| **BARRIER:** | Any architectural or configuration element of the subject property that does not comply with the technical provisions found in the Americans With Disabilities Act Accessibility Guidelines and/or Title 24 of the California Code of Regulations, and which is identified in the Plaintiff's complaint. |

**PLAINTIFF SCOTT JOHNSON AND DEFENDANTS SAMI GUEDOIR, NADIA GUEDOIR, AND CARTHAGE TRADING, INC., BY AND THROUGH THEIR ATTORNEYS OF RECORD, HEREBY STIPULATE:**

**WHEREAS** Plaintiff has propounded written discovery to assist him in determining the ability of the Stipulating Defendants to undergo "readily achievable" barrier removal and to support Plaintiff's damages assessment; and

**WHEREAS** such discovery information is of a personal and confidential nature and, therefore, the Stipulating Defendants have a legitimate concern about unnecessarily producing such information;

The Plaintiff and the Stipulating Defendants enter into the following stipulation:

<u>**Plaintiff**</u>: Plaintiff will currently forbear from propounding any discovery that seeks information concerning the financial status, ability, or wherewithal of the Stipulating Defendants. Plaintiff also withdraws all discovery already propounded concerning this information, including but not limited to: Interrogatories, Set One, nos. 3, 14 and 15 and Requests for Production of Documents, Set One, nos. 10, 12, and 13.

1  **Stipulating Defendants**: The Stipulating Defendants hereby declare that in determining whether the
2  removal of a BARRIER is READILY ACHIEVABLE, factors such as the (1) Stipulating Defendants'
3  financial resources; (2) the facility's financial resources; (3) the "effect on expenses and resources";
4  and (4) impact on finances, shall NOT be raised by STIPULATING DEFENDANTS as a defense as
5  to why the Stipulating Defendants cannot remedy and/or remove those alleged BARRIERS.
6  Defendants further stipulate to respond fully to all discovery requests not concerning the financial
7  status, ability, or wherewithal of the Stipulating Defendants within 14 days of the Court's Order.

9  **NOTE:**  Stipulating Defendants are **not** stipulating (A) liability to the Plaintiff; (B) that the above
10 identified barrier removals are required by law; (C) that the above referenced barriers exist; or (D) that
11 they are subject to the ADA or related state disability access laws.

13 **NOTE:**  The parties understand that the Plaintiff reserves his right to seek financial information in
14 support of a claim for punitive damages. However, Plaintiff will forbear from seeking that information
15 until Plaintiff believes that further discovery information warrants the prosecution of a punitive
16 damages claim against the Stipulating Defendants. Even if Plaintiff reaches a decision that a punitive
17 damages claim should be prosecuted, Plaintiff will, nonetheless, wait until the end of the discovery
18 window to request such information so as to allow maximum opportunity for resolution of the case.

20 **IT IS SO STIPULATED.**

22 Dated:  April 8, 2015                CENTER FOR DISABILITY ACCESS

24                                        By:___/s/ Amanda Lockhart_____
                                              AMANDA LOCKHART
25                                              Attorney for Plaintiff

26 ///
   ///
27 ///
   ///
28

| | | |
|---|---|---|
| 1 | Dated: April 8, 2015 | MICHAEL D. WELCH ASSOCIATES |

By:    /s/  Michael D. Welch
MICHAEL D. WELCH
       Attorney for Defendants

**ORDER**

     IT IS SO ORDERED.

DATED: April 16, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE