UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>               Plaintiff,<br><br>     v.<br><br>SAMI GUEDOIR, in his individual and representative capacity as Trustee--Sami & Nadia Guedoir 2005 Trust; NADIA GUEDOIR, in her individual and representative capacity as Trustee--Sami & Nadia Guedoir 2005 Trust; and CARTHAGE TRADING, INC., a California Corporation<br><br>               Defendants. | No.  2:14-cv-00930-TLN-AC<br><br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES** |

This matter is before the Court pursuant to Plaintiff Scott Johnson's ("Plaintiff") Motion for Attorney's Fees.  (ECF No. 23.)  Defendants Sami Guedoir, Nadia Guedoir, and Carthage Trading, Inc. (collectively "Defendants") oppose Plaintiff's motion.  (ECF No. 25.)  The Court has carefully considered the arguments raised by both parties.  For the reasons set forth below, Plaintiff's Motion for Attorney's Fees is hereby GRANTED in part.

**I.     FACTUAL BACKGROUND**

Plaintiff sued Defendants in March 2014, alleging violations of the Americans with Disabilities Act ("ADA") and violations of the Unruh Civil Rights Act.  (Compl., ECF No. 1 at

1

1.) [1]  In October 2014, Defendants served a Rule 68 Offer of Judgment on Plaintiff, offering "the sum of $4,001, the injunctive relief requested by plaintiff in the Complaint, [and] all court costs and reasonable attorney's fees and litigation expenses incurred by plaintiff to date in this action." (ECF No. 23-5 at 1.)  Plaintiff refused Defendants' offer.  (ECF No. 25 at 1.)  In November 2015, Plaintiff moved for summary judgment on his ADA and Unruh Act claims.  (ECF No. 14.)  The Court granted summary judgment in favor of Plaintiff and awarded injunctive relief and statutory damages for violations of the ADA and the Unruh Act, totaling $8,000.  (ECF No. 21 at 5, 10.)  Plaintiff now requests attorney's fees and costs.  (ECF No. 23.)  Defendants agree an award of attorney's fees is appropriate, but argue the fees requested are unreasonable and should be reduced.  (ECF No. 25 at 2–3.)

## II.    LEGAL STANDARD

Under the ADA and the Unruh Act, a prevailing party may recover reasonable attorney's fees and costs.  *See* 42 U.S.C. § 12205; Cal. Civ. Code § 52(a).  "[A] plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff."  *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1118 (9th Cir. 2000) (quoting *Farrar v. Hobby*, 506 U.S. 103, 111–12 (1992)).  To determine a reasonable attorney's fee, the court calculates "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

The district court may reduce the total hours included in the lodestar calculation "where documentation of the hours is inadequate . . . if the case was overstaffed and hours are duplicated . . . [or] if the hours expended are deemed excessive or otherwise unnecessary."  *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210–11 (9th Cir. 1986), *reh'g denied, amended on other grounds*, 808 F.2d 1373 (9th Cir. 1987).  "[P]urely clerical or secretarial tasks should not be billed at a paralegal [or lawyer's] rate, regardless of who performs them."  *Davis v. City & Cty. of San Francisco*, 976 F.2d 1536, 1543 (9th Cir. 1992), *reh'g denied, vacated in part on other*

---

[1]    Plaintiff also claimed a violation of the California Disabled Persons Act and Negligence, but later voluntarily dismissed both causes of action.  (ECF No. 1 at 1; ECF No. 14-1 at 10.)

1   *grounds*, 984 F.2d 345 (9th Cir. 1993).  However, a court "may not attempt to impose its own

2   judgment regarding the best way to operate a law firm, nor to determine if different staffing

3   decisions might have led to different fee requests."  *Moreno v. City of Sacramento*, 534 F.3d

4   1106, 1115 (9th Cir. 2008).

5           "When determining a reasonable hourly rate, the relevant community is the forum in

6   which the district court sits."  *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205 (9th Cir. 2013).

7   The fee applicant has the burden of producing "satisfactory evidence" that the requested rates are

8   in line with those prevailing in the relevant community for similar legal services of reasonably

9   comparable skill and reputation.  *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984); *Gonzalez*, 729

10  F.3d at 1205.  Satisfactory evidence of the prevailing market rates for similar legal services may

11  include affidavits of plaintiff's counsel, affidavits of other attorneys regarding prevailing market

12  rates in the relevant community, and rate determinations in other cases, particularly those setting

13  a rate for the plaintiff's counsel.  *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d

14  403, 407 (9th Cir. 1990).

15          The fee calculated under the lodestar method is presumptively reasonable, but may be

16  adjusted upwards or downwards pursuant to a variety of factors.  *Gonzalez*, 729 F.3d at 1208–09;

17  *see Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) (enumerating twelve factors

18  to consider in awarding reasonable attorney's fees).  To the extent that the *Kerr* factors are not

19  addressed in the calculation of the lodestar, the court may consider them in adjusting the fee

20  award after the calculation is completed.  *Chalmers*, 796 F.2d at 1212.

21      **III.**   **ANALYSIS**

22          Plaintiff requests $16,135.00 in attorney's fees and $1,940.50 in costs, totaling

23  $18,075.50.  (ECF No. 23-3 at 1.)  Plaintiff calculates the fee solely using the lodestar method

24  and does not seek a modification.  (ECF No. 23-1 at 17.)  Defendants do not contest Plaintiff's

25  status as the "prevailing party" or Plaintiff's right to recover reasonable attorney's fees.

26  Defendants only object to the amount Plaintiff can recover.  (*See* ECF No. 25 at 3.)  Defendants

27  first argue the fee for Plaintiff's lead counsel, Mark Potter, "should be entirely disregarded as

28  unnecessary and unreasonable as all the work on this case was done by others and his claim is

                                            3

1    clearly an 'over-reach' and should not be rewarded." (ECF No. 25 at 2.)  The Court finds this

2    assertion unsubstantiated, contradicted by the billing statements submitted to this Court, and

3    consequently without merit.  (*See* ECF No. 23-3.)  Defendants also take issue with several of Mr.

4    Potter's billing entries, Mr. Potter's billing rate, and ask the Court to consider Defendants' Rule

5    68 offer in reducing Plaintiff's overall award.  (ECF No. 25 at 2–3.)  The Court will analyze these

6    arguments in turn.

7           A.      <u>Hours Reasonably Expended</u>

8                  *i.*     *Mr. Potter's March 11, 2014 Entry*

9         Mr. Potter billed an entry for 1.3 hours, detailing he "[v]isited the site, conducted an

10   assessment of the allegations; emailed the investigator about photos . . ."  (ECF No. 23-3 at 2.)

11   Defendants contends this billing lacks "any substantiation that [Potter] was even there."  (ECF

12   No. 25 at 2.)  Defendants have provided no authority, and the Court has found none, that counsel

13   must literally *prove* every billing entry opposing counsel objects to.  Rather, the party seeking

14   attorney's fees must simply provide documentation demonstrating the reasonableness of the hours

15   spent on litigation.  *See Hensley*, 461 U.S. at 433.  The Court finds Plaintiff's documentation is

16   sufficient and will not reduce the billing entry for March 11, 2014.

17                 *ii.*     *Mr. Potter's March 17, 2014 Entry*

18        Mr. Potter billed 2.2 hours to "[conduct] public records research to determine the identity

19   of the responsible parties and to determine if there had been alterations or modifications that

20   would have triggered stricter Title 24 obligations for this property. . . ."  (ECF No. 23-3 at 2.)

21   Defendants assert this task should have been done by a more junior attorney.  (ECF No. 25 at 2.)

22   Even if Defendants are correct, the Court cannot pass its judgment on the staffing decisions of a

23   law firm.  *See Moreno*, 534 F.3d at 1115.  The Court will not reduce the March billing entry on

24   these grounds.

25        However, courts in this district have found conducting a "public record search" clerical in

26   nature, and warranted a reduction in hours billed.[2]  *See Johnson v. Wayside Prop., Inc.*, No. Civ.

27      [2]     Although Defendants do not make a "clerical in nature" argument as it relates to the March 17, 2014, billing
28   entry, the Court undergoes this analysis on its own as an exercise of its discretion to determine reasonable attorney's
     fees.  *See Hensley*, 461 U.S. at 432–34.

2:13-1610 WBS AC, 2014 WL 6634324, at *4 (E.D. Cal. Nov. 21, 2014) (reducing a 2.1 hour "public records research" entry by 1 hour); *Johnson v. Allied Trailer Supply*, No. Civ. 2:13-1544 WBS EFB, 2014 WL 1334006, at *2 (E.D. Cal. Apr. 3, 2014) (reducing another 2.1 hour "public records research" entry by 1 hour because counsel did not specify what portion of his research required an attorney's expertise). Here, Mr. Potter did not indicate what portion of his billing related to researching theories of liability and what portion was only clerical "records research." Accordingly, the Court finds a reduction of roughly half of Mr. Potter's time appropriate and reduces the March 17, 2014 entry to 1.2 hours.

### iii.   Mr. Potter's July 7, 2014 Entry

Mr. Potter documented 1.5 hours to draft discovery. (ECF No. 23-3 at 2.) Defendants argue Plaintiff's discovery was "boilerplate" and identical to other cases Plaintiff has filed with this Court.[3] (ECF No. 25 at 2.) Defendants' point may have merit, as this case echoes dozens of cases filed in this district. *See, e.g.*, *Johnson v. Bach Thuoc Vu*, No. 2:14-cv-02786-JAM-EFB, 2017 WL 2813210, at *3 (E.D. Cal. June 29, 2017); *Johnson v. Castro*, No. 2:14-cv-2008-JAM-CKD, 2016 WL 7324715 (E.D. Cal. Dec. 15, 2016); *Johnson v. Chan*, No. 2:14-cv-01671-JAM-EFB, 2016 WL 4368104 (E.D. Cal. Aug. 15, 2016); *Johnson v. Gross*, No. 2:14-cv-2242 WBS KJN, 2016 WL 3448247 (E.D. Cal. June 23, 2016); *Johnson v. Lin*, No. 2:13-cv-01484-GEB-DAD, 2016 WL 1267830 (E.D. Cal. Mar. 31, 2016). Such an allotment is excessive in light of the many similar cases and the boilerplate nature of this discovery requests. Accordingly, the Court reduces the July 7, 2014 entry to 0.5 hours.

### iv.   Mr. Potter's October 29, 2015 Entry

Mr. Potter recorded 1.0 hours to "[conduct] public records research. . ." (ECF No. 23-3 at 3.) Defendants contend "[t]his is at best clerical work . . . or was not even necessary and probably did not even occur." (ECF No. 25 at 2.) As discussed above, a billing entry that is largely clerical in nature warrants a reduction. *See Davis*, 976 F.2d at 1543. But more significantly, Mr.

---

[3]     Defendants also contend, and do so later at other points in their brief, that this task could have been done by a more junior attorney. The Court may not reduce billing entries on these grounds and decides against Defendants in all other instances on said grounds. *Moreno*, 534 F.3d at 1115.

1   Potter's entry for October 28, 2015, is identical to Mr. Potter's billing entry on March 17, 2014.[4]

2   Since Mr. Potter did not clarify in his notes what differed between the two searches, the Court

3   strikes the entire October 29, 2015 entry as duplicative and unreasonable.  *See Chalmers*, 796

4   F.2d at 1210.

5                    *v.      Mr. Potter's November 12, 2015 Entry*

6          Mr. Potter billed 4.0 hours to draft documents relating to Plaintiff's motion for summary

7   judgment.  (ECF No. 23-3 at 3.)  Defendants once again assert Plaintiff's motions are

8   "boilerplate."  (ECF No. 25 at 2.)  Mr. Potter claimed to expend four hours to create and compile

9   a motion and supporting documents totaling 73 pages — a motion that succeeded at summary

10  judgment.  (*See* ECF No. 14.)  Four hours seems reasonable given Plaintiff's success on summary

11  judgment, even if some of the motion's content is "boilerplate."  Accordingly, the Court declines

12  to reduce the November 12, 2015, entry.

13                    *vi.     Mr. Potter's December 1, 2015 Entry*

14         Mr. Potter documented 4.2 hours to draft a reply brief in support of Plaintiff's motion for

15  summary judgment.  (ECF No. 23-3 at 3.)  Defendants contend this entry was unreasonable, as

16  Plaintiff's motion was "lightly opposed" and Plaintiff's reply was "boilerplate."  (ECF No. 25 at

17  2.)  Defendants' opposition contained roughly two pages of substance.  (ECF No. 16-1.)

18  Plaintiffs' reply consisted of approximately five pages of substance, not including block

19  quotations.  (ECF No. 17.)  Although Mr. Potter's analysis was thorough, the Court finds 4.2

20  hours of work unreasonable in light of the 4.0 hours spent on Plaintiff's much longer motion for

21  summary judgment.  *See Wayside Prop., Inc.*, 2014 WL 6634324, at *3–4 (reducing billing entry

22  for a party's reply brief to half of the time expended on their motion brief).  As a result, the Court

23  reduces the billing entry for December 1, 2015, to 2.2 hours.

24  ///

25

26  [4]        Mr. Potter's March 17, 2014 entry reads: "Conducted public records research to determine the identity of the responsible parties and to determine if there had been alterations or modifications that would have triggered stricter Title 24 obligations for this property: assessor parcel number 219-410-09."  (ECF No. 23-3 at 2.)

27          Mr. Potter's October 29, 2014 entry reads: "[C]onducted public records research to determine the identity of the responsible parties and to determine if there had been alterations or modifications that would have triggered

28  stricter Title 24 obligations for this property: assessor parcel number 219-410-09."  (ECF No. 23-3 at 3.)

1      *vii.*      *Mr. Potter's "Estimated" Entry*

2          Mr. Potter estimated spending 7.0 hours to "review opposition brief, draft the reply brief,

3  [and] attend oral argument." (ECF No. 23-3 at 4.)  Plaintiff did not submit a reply brief.  Nor did

4  the Court hold an oral argument for Plaintiff's motion for attorney's fees. (ECF No. 27.)  The

5  Court finds this "estimated" entry unreasonable and disingenuous to the framework of the civil

6  protection provided by Congress in 42 U.S.C. § 12205.  *See Moreno*, 534 F.3d at 1111.

7  Consequently, the Court strikes the 7.0 hour entry in its entirety.

8      *viii.*      *Adjusted Total of Hours Reasonably Expended*

9          Mr. Potter claimed 36.0 hours in his billing summary. (ECF No. 23-3 at 1.)  The

10  following deductions will apply to Mr. Potter's lodestar calculation: −1.0 hour for the March 7,

11  2014 entry; −1.0 for the July 7, 2014 entry; −1.0 hour for the October 29, 2015 entry; −2.0 hours

12  for the December 1, 2015 entry; −7.0 hours for the "Estimated" entry.  Applying these deductions

13  leaves Mr. Potter with 24.0 hours to be included in his lodestar figure.

14      B.      Reasonable Hourly Rate

15          Plaintiff seeks hourly rates of $350 for Mr. Potter, $250 for Phyl Grace, $200 for Amanda

16  Lockhart, and $200 for Isabel Masanque. (ECF No. 23-1 at 10.)  Defendants argue Mr. Potter's

17  rate should be reduced to $300 per hour, consistent with the "maximum hourly rate" for ADA

18  cases in this district, citing *Johnson v. Lanza*, No. 2:14-cv-00217 JAM-DAD (E.D. Ca. 2015).

19  (ECF No. 25.)  Defendants do not contest the hourly rates requested for attorneys Grace, Lockhart

20  or Masanque. (ECF No. 25 at 3.)  However, the Court reviews the hourly rates of all the

21  attorneys to determine the reasonableness of the rates in light of other similar cases.

22          Plaintiff must provide "satisfactory evidence" that the fee he requests for Mr. Potter

23  comports with the prevailing rate in this district for similar legal services.  *See Blum*, 465 U.S. at

24  895 n.11.  Plaintiff supports Mr. Potter's hourly rate request with a declaration from fee expert

25  John D. O'Connor (ECF No. 23-6), the 2014 "Real Rate Report" (ECF No. 23-7), and *Silvester v.*

26  *Harris*, No. 1:11-CV-2137 AWI SAB, 2014 WL 7239371, at *4 (E.D. Cal. Dec. 17, 2014).

27          The declaration of John D. O'Connor details Mr. O'Connor's expertise in the area of labor

28  litigation. (ECF No. 23-6 at 1–9.)  While Mr. O'Connor summarily states "standard rates for

1    reputable firms in the labor litigation field should apply," he offers no reasoning why labor rates

2    are applicable in the instant matter.  (ECF No. 23-6 at 9.)  Plaintiff also fails to explain this

3    discrepancy to the Court.  The Court is unconvinced Mr. O'Connor's declaration provides any

4    evidence of the prevailing rate in this district for legal services relating to disability access cases.

5           The 2014 "Real Rate Report" provides a table for computing hourly rates, accounting for

6    factors such as firm size, location, experience, and practice area.  (ECF No. 23-7 at 10.)  Plaintiff

7    provides a calculation pursuant to the report's table and concludes Mr. Potter is entitled to an

8    hourly rate of $435.88.  (ECF No. 23-1 at 14.)  However, the "Real Rate Report" does not address

9    disability access as a "practice area," and provides no baseline for firms of fewer than 50

10   attorneys.  *See Bach Thuoc Vu*, 2017 WL 2813210, at *3.  The Court is unpersuaded the "Real

11   Rate Report" provides an accurate hourly rate for small firms in non-corporate practice areas such

12   as disability access.

13          Lastly, Plaintiff relies on *Silvester* to argue the "generally accepted" hourly rates for

14   experienced attorneys in this district are between $250 and $380 per hour.  (ECF No. 23-1 at 14–

15   15 (citing *Silvester*, 2014 WL 7239371, at *4).)  Plaintiff suggests Mr. Potter falls near the top of

16   this range given his twenty-plus years of experience "practicing ADA law."  (ECF No. 23-1 at

17   15.)  Plaintiff fails to address that *Silvester* involved a Second Amendment challenge to a statute,

18   and the range of hourly rates quoted by Plaintiff made no distinctions as to particular practice

19   areas.  *See* 2014 WL 7239371, at *1, *4.  The Court finds *Silvester* unpersuasive in determining

20   the prevailing hourly rate for a disability access case.

21          After an examination of related decisions in this district, the Court finds $300 per hour is a

22   reasonable rate for Mr. Potter.  *See Bach Thuoc Vu*, 2017 WL 2813210, at *3 (finding reasonable

23   rate of $300 per hour for Mr. Potter); *Castro*, No. 2016 WL 7324715, at *2 (same); *Chan*, 2016

24   WL 4368104, at *3 (same); *Luna v. Hoa Trung Vo*, No. CV F 08-1962 AWI SMS, 2011 WL

25   2078004, at *5 (E.D. Cal. May 25, 2011) (finding a reasonable rate of $375 per hour for attorney

26   with *more than 40 years of experience* in "disability-related litigation").  Although Mr. Potter has

27   considerable experience, handled the majority of this case, and obtained summary judgment for

28   his client, the Court is not convinced Mr. Potter demonstrated the "ability and reputation" that

warrants a departure from the prevailing rates for legal work of similar complexity. *See Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 946 (9th Cir. 2007).

Additionally, the Court reviewed related decisions as to the rates of associates Grace, Lockhart, and Masanque. For Ms. Grace, an associate with twenty years of experience, the Court finds that $175 is an appropriate hourly rate for her work. *See Johnson v. Lin*, No. 13-1484, 2016 WL 1267830, at *4 (E.D. Cal. Mar. 31, 2016) (granting Ms. Grace $175 for similar services); *Johnson v. Patel*, No. 14-2078-WBS-AC, 2016 WL 727111, at *3 (E.D. Cal. Feb. 23, 2016) (same); *Johnson v. Allied Trailer Supply*, No. 13-1544 WBS EFB, 2014 WL 1334006, at *5–6 (E.D. Cal. Apr. 3, 2014) (same). As for Ms. Lockhart and Ms. Masanque, the Court finds that $150 per hour is a reasonable hourly rate. *See Johnson v. Iqbal*, No. 2:15-cv-00191-KJM-AC, 2016 WL 3407773, at *3 (June 21, 2016) (finding a rate of $150 per hour for Ms. Lockhart and another junior associate); *Johnson v. Wayside Property, Inc.*, No. 13-1610-WBS-AC, 2014 WL 6634324, at *6–8 (E.D. Cal. Nov. 21, 2014). Plaintiff has not presented the Court with any reason to depart from the rates awarded in other similar cases.

Accordingly, the Court finds the lodestar in this case calculated as follows:

| | | | | | |
|---|---|---|---|---|---|
| Potter | 24.0 hours | x | $300 | = | $7,200.00 |
| Grace | 4.3 hours | x | $175 | = | $752.50 |
| Lockhart | 6.7 hours | x | $150 | = | $1,005.00 |
| Masanque | 5.6 hours | x | $150 | = | $840.00 |
| | | | | **Total**: | **$9,797.50** |

C.      Defendants' Rule 68 Offer

Defendants contend their October 15, 2014 Rule 68 Offer of Judgment "should be considered by the Court" pursuant to California Civil Code § 55.55 in awarding Plaintiff's attorney's fees. (ECF No. 25 at 3.) Plaintiff does not contest whether the Court should consider Defendants' Rule 68 offer in determining reasonable attorney's fees. Rather, Plaintiff asserts Rule 68 is inapplicable since he obtained a more favorable judgment than Defendants' offer of judgment. (ECF No. 23-1 at 8.) As an initial matter, the Court agrees with Plaintiff that Rule 68

9

1    is inapposite in the instant matter as it relates to the fee shifting provision in subsection (d). [5]   The

2    Court will nonetheless discuss the effect, if any, of California Civil Code § 55.55 on Plaintiff's

3    recovery of attorney's fees in light of Defendants' Rule 68 Offer.

4         California Civil Code § 55.55 provides in relevant part: "Notwithstanding subdivision (f)

5    of Section 55.54, in determining an award of reasonable attorney's fees and recoverable costs

6    *with respect to any construction-related accessibility claim*, the court may consider, along with

7    other relevant information, written settlement offers made and rejected by the parties." (emphasis

8    added).  Defendants do not provide guidance on the effect of the emphasized text above and

9    whether the instant case is a "construction-related accessibility claim."  Nor do Defendants

10   discuss whether a Rule 68 Offer of Judgment constitutes a "written settlement [offer]."  Even

11   assuming Section 55.55 applies, the Court does not find Defendants' offer warrants a reduction in

12   Plaintiffs' attorney's fees.

13        Defendants' October 15, 2014, settlement offer proposed "the sum of $4,001, the

14   injunctive relief requested by plaintiff in the Complaint, [and] all court costs and reasonable

15   attorney's fees and litigation expenses incurred by plaintiff to date in this action."  (ECF No. 23-5

16   at 1.)  Defendants contend Plaintiff did not accept because they had not yet accumulated

17   significant attorney's fees.  (ECF No. 25 at 3.)  Plaintiff argues he did not accept because

18   Defendants' offer regarding injunctive relief was too vague.  (ECF No. 23-1 at 7.)

19        The Court finds *Johnson v. Lanza* instructive.  *See* Transcript of Oral Argument at 10–13,

20   No. 2:14-cv-217 JAM (E.D. Cal. Mar. 23, 2016).  The *Lanza* court found a substantially similar

21   offer of judgment was not a viable settlement option for the *Lanza* plaintiff because the offer did

22   not specify the injunctive relief offered.  *Id*. at 13.  Consequently, the *Lanza* court refused to

23   reduce plaintiff's attorney's fees pursuant to Cal. Civ. Code § 55.55.  *Id* at 13–14.  In the instant

---

5    Fed. R. Civ. P., Rule 68 provides in relevant part:

     (a) Making an Offer; Judgment on an Accepted Offer. At least 14 days before the date set for trial,
     a party defending against a claim may serve on an opposing party an offer to allow judgment on
     specified terms, with the costs then accrued. . . .
     . . . .
     d) Paying Costs After an Unaccepted Offer. If the judgment that the offeree finally obtains is not
     more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer
     was made.

1    case, the Court finds no discernable distinction and declines to order a reduction of Plaintiff's fee

2    recovery.

3         D.    Modifications to the Lodestar

4         Plaintiff discusses the twelve *Kerr* factors but does not ask the Court for a departure from

5    the lodestar.[6]  (ECF No. 23-1 at 17–22.)  Defendants do not address whether an adjustment to the

6    lodestar is appropriate besides their Cal. Civ. Code § 55.55 argument.  The Court finds no reason

7    to modify the lodestar based on these contentions or any of the *Kerr* factors.  *See Jordan v.*

8    *Multnomah Cty.*, 815 F.2d 1258, 1264 (9th Cir. 1987) (finding no abuse of the district court's

9    discretion to deny a modification where plaintiffs "failed to carry [their] burden of justifying

10   entitlement to an upward adjustment.") (quoting *Blum*, 465 U.S. at 901–02).

11        E.    Costs

12        42 U.S.C. § 12205 also authorizes "litigation expenses and costs" to be recovered by the

13   prevailing party.  Plaintiff seeks $1,940, which includes "the investigation costs of $400" and

14   $1,540.50 for expert site inspection.  (ECF No. 23-1 at 22; ECF No. 23-4 at 1.)  Defendants

15   asserted no objections to these expenses.  Even so, Plaintiff has not provided any documentation

16   for any such "investigation costs," nor has Plaintiff given the Court any description of such

17   activities.  The Court finds billing $400 for an ambiguous "investigation" without providing

18   supporting documents unreasonable.  Accordingly, the Court grants Plaintiff $1,540.50 in costs

19   for the expert site inspection.

20   **IV.  CONCLUSION**

21        For the foregoing reasons, the Court awards Plaintiff $11,338.00 in reasonable attorney's

22   fees and costs.

---

[6]         The *Kerr* factors are as follows:

(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr*, 526 F.2d at 70.

IT IS SO ORDERED

Dated: July 25, 2017

_____
Troy L. Nunley
United States District Judge